VAN BROCKLIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 8, 1928—January 8, 1929.*

For the plaintiff in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by *Frank B. Keefe,* district attorney of Winnebago county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Keefe* and *Mr. Messerschmidt.*

The following opinion was filed January 8, 1929:

ESCHWEILER, J.  The question now raised as to the validity of the search warrant because it was issued solely upon

hearsay is the same as that presented and disposed of upon the same search warrant in the companion case of *Farber v. State, ante,* p. 18 (decided herewith). Upon what is there held, the present objection to the search warrant cannot be sustained.

It is also contended that the search warrant was rendered invalid because, after it had been placed in the hands of officers for service, the originally inserted name of the owner of the premises sought to be searched was erased and another name substituted. No substantial reasons are urged, nor do we find any, why such change should be held to prevent the use of the evidence obtained by the search, and that being the only point on which this objection is presented to us, it cannot, therefore, be sustained.

On the trial the State offered evidence tending to show that the defendant below was directly concerned in a transaction some ten days before the time of the offense alleged in this information, in the removal of the copper still, discovered on the premises described and visited under the search warrant, from other premises in the same city. It is urged that such evidence was improperly received under the general rule that evidence of defendant having committed other offenses cannot properly be received on the trial for the particular offense. The trial court, however, carefully limited the effect of this evidence to the purpose and effect only of consideration by the jury in determining whether or not the defendant below was connected with the ownership or operation of the copper still at the time and place charged in that information, and we cannot see any error in such ruling.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on March 5, 1929.